IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEONCIO GARCIA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:16-CV-00514 |
| WAL-MART STORES TEXAS LLC, | § § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Defendant's Motion for Summary Judgment. **(Instrument No. 21)**.

### I.

### A.

Plaintiff Leoncio Garcia ("Plaintiff") brought suit against Defendant Wal-Mart Stores Texas, LLC ("Defendant"), for injuries sustained in a slip and fall at a Wal-Mart Store. Plaintiff seeks recovery under a premises liability theory, alleging that Defendant had actual or constructive knowledge of an unreasonably dangerous condition on its premises, Defendant failed to eliminate the condition or warn Plaintiff about the condition, and Defendant's failure to prevent or eliminate a known dangerously defective condition was the proximate cause of the injuries Plaintiff suffered. Defendant denies these claims and asserts that it is entitled to summary judgment because Plaintiff has no evidence that Defendant possessed actual or constructive knowledge of an unreasonably dangerous condition on its property prior to the incident.

**B.**

Plaintiff resides in Harris County, Texas. Defendant is a Delaware limited liability company formed on or about June 26, 2007, and the owner of Wal-Mart Store No. 772 located at 3506 High 6 South, Houston Texas, 77082 (the "Walmart Store No.772"). Walmart Store No. 772 is a "Supercenter" that offers customers a variety of products and services such as a Garden Center, Gas Station, Grocery, McDonalds, Pharmacy, 1-Hour Photo Center, Tire and Lube, and a Vision Center.

Plaintiff visited Wal-Mart Store No. 772 on the morning of June 9, 2015, to grab a cup of coffee. (Instrument No. 1 at 3; Instrument No. 26 at 2). Plaintiff claims that as he entered the store at 6:21 a.m., he stepped onto a puddle of clear liquid (presumably water), slipped and fell awkwardly to the floor, thereby injuring his knee. (Instrument No. 26-1 at 1).

At 5:55 am, Defendant's surveillance video shows a store employee or contractor arriving on the scene operating what appears to be a large "auto scrubber" machine. (Instrument No.21-3; Instrument No. 26-5). Plaintiff notes that the machine resembles a jet ski or an ice re-surfacing machine used at ice skating and hockey rinks, commonly known as a "Zamboni". (Instrument No. 26 at 2). Plaintiff alleges that while the auto scrubber was scrubbing, cleaning, drying, or waxing the floor's surface, he stopped momentarily on the wet spot where the accident would later occur and left the area without checking the floor for wet spots. *Id* at 2. Plaintiff admits that it is not clear from viewing the video if the scrubber operator caused or allowed a liquid to spill; if he saw the wet spot but decided to disregard it; or merely failed to see the wet spot. *Id* at 3. Nonetheless, Plaintiff notes that the operator did not place any ropes, cones or warning signs in the area. *Id.* In addition, the Plaintiff states that the operator did not check the floor for wet spots prior to leaving the area. *Id.* Furthermore, Plaintiff asserts that other Wal-

Mart employees and/ or contractors walked by and through the accident scene, but none looked down to inspect the floor for wet spots or spills in accordance with the Defendant's safety policies and procedures. *Id.* The area of the slip was pointed out to Defendant's employees after the fall, and an employee (Ms. Beth Dillard) thereafter put a cone down where she saw the liquid and cleaned it. (Instrument No. 32 at 4).

Defendant's surveillance video also shows that from 5:59 a.m. up until the time of Plaintiff's incident at 6:21 a.m. numerous customers walked directly over the area where Plaintiff fell, and two McDonald's employees pulled large trash bins directly over the same area. (Instrument No.21-3; Instrument No. 26-5).

In his Original Complaint, Plaintiff asserts Defendant owed a duty to Plaintiff to timely prevent or eliminate any unsafe conditions caused by a premises defect. (Instrument No. 1-2 at 4). Specifically, Plaintiff argues that Defendant had a duty to timely and adequately: (a) inspect the floors in the area of the store where the accident occurred and thereby detect that there was a puddle of liquid on the floor; and (b) after having actual or constructive knowledge that the floor was wet and slippery, take measures to (i) eliminate the known hazard by promptly drying the floor; or (ii) warn customers to "stay clear" of the puddle until a maintenance employee came to dry the floor. *Id.* Plaintiff contends that Defendant had actual or constructive knowledge that the puddle had formed because they were near the place of the incident at the entrance of the store. *Id.* Plaintiff posits that Defendant's policy & procedures manual shows that Defendant's employees were duty bound to be ever vigilant of floor safety as they moved about the store; to do "visual sweeps"; and to promptly clean up any spills. (Instrument No. 32 at 11). Plaintiff notes that in the video, several workers can be seen ambling by and near what would become the accident scene during the thirty minutes that preceded the incident were not paying any attention

at all to the alleged condition of the floor. *Id.* Plaintiff further notes that Defendant's policy manual regarding floor cleaning contemplates that the use of the auto scrubbers could leave behind water trails or puddles on the floor; and therefore, Defendant had a duty to take certain precautions, such as posting "wet floor" warning signs and mopping up after the auto scrubber's wake. (Instrument No. 26 at 10; Instrument No. 32 at 12). Plaintiff contends that Defendant's failure to prevent or eliminate the defective condition at Wal-Mart Store No. 772 was the proximate cause of Plaintiff's injuries, and Defendant is therefore liable to Plaintiff for the totality of his bodily injuries. (Instrument No. 1-2 at 5).

In Defendant's Motion for Summary Judgment, Defendant argues that there is no evidence that Defendant possessed actual or constructive knowledge of an unreasonably dangerous condition at Wal-Mart Store No 772. (Instrument No. 21 at 3). In addition, Defendant contends that there are several possible ways the condition could have been created. (Instrument No. 33 at 12). For instance, in addition to the auto scrubber, Defendant's video surveillance depicts several customers entering and exiting directly over the area where Plaintiff's incident would subsequently occur. (Instrument No.21-3). Furthermore, the video also shows two McDonalds employees pulling trash bins through the same area prior to the Plaintiff's incident. *Id.* Defendant argues that the puddle of clear liquid could have been created by either the customers who traversed across the area or by the McDonalds employees who pushed trash bin through the area. (Instrument No. 33 at 13). As such, Defendant asserts that no genuine issue of material fact exists regarding whether Defendant had actual knowledge of the alleged condition, and summary judgment is proper on the actual knowledge component of Plaintiff's premises liability claim. (Instrument No. 21 at 7).

Defendant further argues that summary judgment is proper because Plaintiff cannot provide any evidence that Defendant had constructive notice of the condition. (Instrument No 21 at 3). Defendant asserts that Plaintiff has not provided sufficient temporal evidence that the dangerous condition existed long enough prior to the incident to give Defendant a reasonable opportunity to discover and remedy the condition. *Id* at 7. Defendant posits that Plaintiff's arguments on the proximity of Defendant's associates to the area where Plaintiff's incident occurred and alleged violations of Defendant's internal policies is not legally sufficient to support a finding of constructive notice. (Instrument No 33 at 3). Defendant argues that without temporal evidence, there is no basis upon which the fact finder can reasonably assess the opportunity the premises owner had to discover the dangerous condition. *Id* at 2.

Defendant further contends that even if it could be demonstrated that the auto scrubber created the dangerous condition, surveillance video shows that it would have existed for twenty-six minutes before Plaintiff's incident, a duration that is legally insufficient to impute constructive knowledge. (Instrument No. 33 at 7).

### C.

Plaintiff filed his Original Petition in state court on January 6, 2016. (Instrument No. 1-2). Defendant filed its Answer the Original Petition on February 22, 2016. (Instrument 1-3). Defendant removed the case to federal court on February 26, 2016. (Instrument No. 1). On February 27, 2017, Defendant filed its Motion for Summary Judgment. (Instrument No. 21). On March 13, 2017, Plaintiff filed its Response in Opposition to Motion for Summary Judgment. (Instrument No. 26). Plaintiff filed a Supplemental Response to Motion for Summary Judgment on April 19, 2017. (Instrument No. 32). Defendant filed its Reply to Plaintiff's Response to Motion for Summary Judgment on April 19, 2017. (Instrument No. 30).

## II.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). The "movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25(1986)). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "showing — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

After the moving party has met its burden, in order to "avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The party opposing summary judgment cannot merely rely on the contentions contained in the pleadings. *Little*, 37 F.3d at 1075. Rather, the "party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 457, 458 (5th Cir. 1998); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Although the court draws all reasonable inferences in the light most favorable to the nonmoving party, *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008), the nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux*, 402 F.3d at 540 (*quoting Little*, 37 F.3d at 1075). Similarly, "unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. Am's Favorite Chicken*, 110 F.3d 295, 297 (5th Cir. 1997).

In deciding a summary judgment motion, the district court does not make credibility determinations or weigh evidence. *Chevron Phillips*, 570 F.3d 606, 612 n.3 (5th Cir. 2009). Nor does the court "sift through the record in search of evidence to support a party's opposition to summary judgment." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 379-80 (5th Cir. 2010); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Ragas*, 136 F.3d at 458; *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir.1988) (it is not necessary "that the entire record in the case ... be searched and found bereft of a genuine issue of material fact before

7

summary judgment may be properly entered"). Therefore, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

### III.

#### A.

Defendant owed Plaintiff, its invitee, a duty to exercise reasonable care to protect him from dangerous conditions in the store that were known or reasonably discernable, but is not the ultimate insurer of his safety. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W. 2d 934, 936 (Tex. 1998). Under Texas law, Plaintiff must show, among other things, that Defendant had actual or constructive knowledge of a condition on the premises. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1994). To prove such knowledge, Plaintiff must establish: (1) the defendant caused the condition; (2) the defendant actually knew of the condition; or (3) "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Here, Plaintiff cannot demonstrate that Defendant or any of its associates actually knew about any puddle of clear liquid prior to Plaintiff's incident. (Instrument No. 21-2 at 6; Instrument No. 33-1 at 1-2). Plaintiff admits that it is unclear whether the auto scrubber caused the puddle of clear liquid. (Instrument No. 26 at 2-3). Furthermore, Defendant's video surveillance shows that the puddle of clear liquid could have been created either by customers who walked directly over the area where Plaintiff subsequently fell or by the McDonalds employees pulling trash bins over the same area prior to Plaintiff's incident. (Instrument No. 21-

3). Plaintiff's allegation that the condition was created by the auto scrubber is merely a possibility, an inference among many other equally plausible, but opposite inferences. When circumstantial evidence is consistent with either of two facts, and nothing shows that one is more probable than the other, neither fact can be inferred. *Flock v. Scripto-Tokai Corp.*, 319 F.3d 231, 237 (5th Cir. 2003). As such, there is no evidence that Defendant had actual knowledge of the condition.

Plaintiff attempts to demonstrate constructive knowledge with evidence of the proximity of Defendant's associates to the area where Plaintiff's incident occurred and alleged violations of Defendant's internal safety policies and procedures. (Instrument No. 32 at 11-12). Here, Plaintiff states that prior to the time of the accident, other employees and/ or contractors walked by and near the accident scene, but none looked down to inspect the floor for wet spots or spills. (Instrument No. 32 at 4, 12). In addition, Plaintiff alleges that the employee operating the auto scrubber did not check the floor for wet spots prior to leaving the area, nor place any ropes, cones or warning signs in the area. *Id* at 3 and 13. Furthermore, Plaintiff contends that around or prior to the time of the incident, none of the Defendant's employees conducted regular inspections ("sweeps") in contravention of Defendant's internal policies and procedures manual. *Id.*

In *Reece,* the Texas Supreme Court emphasized that "[w]ithout some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id* at 816. The *Reece* decision expressly disapproved of allowing an employee's proximity to a dangerous condition to show constructive notice. *Id* at 815-16. An employee's proximity or a condition's conspicuity would often be "relevant" to the analysis of how long a condition could exist before a premises owner should

9

reasonably have discovered it. *Id* at 816. Proximity or conspicuity on their own, however, are insufficient to show constructive notice under *Reece*. *Id.* Following *Reece*, Texas courts have granted summary judgment motions when the plaintiff did not offer sufficient temporal evidence to establish constructive notice. *See Wal–Mart Stores, Inc. v. Spates*, 186 S.W.3d 566 (Tex. 2006); *Gillespie v. Kroger Texas, L.P.*, 415 S.W.3d 589 (Tex. App. 2013); *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653 (Tex. App. 2008).

A surveillance video from the time of the incident demonstrates that the auto scrubber travels through the area twenty-six minutes before Plaintiff's incident. (Instrument No.21-3; Instrument No. 26-5). Plaintiff speculates that the puddle of clear liquid may have been created by the auto scrubber, which supports an inference that the dangerous condition could have been caused by Defendant and existed twenty-six minutes prior to the incident. (Instrument 32 at 4). Even if the Court assumes that the auto scrubber machine created the puddle with clear liquid, the Court finds that is insufficient as a matter of law to create liability (a dangerous condition existing for forty-five minutes or less has been considered legally insufficient to show constructive knowledge). *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 580–81 (S.D. Tex. 2012) (citing *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 894 (5th Cir. 2000); *Brookshire Food Stores, L.L.C. v. Allen*, 93 S.W.3d 897, 900–01 (Tex. App. 2002); *Wal–Mart Stores, Inc. v. Lopez*, 2000 WL 31971, (Tex. App. 2000); *Shirey v. Wal-Mart Stores Texas, LLC*, No. CV H-15-3368, 2017 WL 1177967, at *2 (S.D. Tex. Mar. 30, 2017). There is no evidence as to how and when the substance was created; therefore, there is no evidence that the condition was present on the floor long enough to impute constructive knowledge to Defendant.

Furthermore, allegations of any violation of a company's policies and procedures have been held to be immaterial to the constructive notice issue. *Wal-Mart Stores, Inc. v. Reese*, 81 S.W. 3d 812, 817 (Tex. 2002). Plaintiff cannot provide any evidence of how the puddle with clear liquid appeared on the floor. (Instrument No. 33-1 at 1-2). In addition, Plaintiff cannot provide any evidence that any of Defendant's associates provided him with any information to show that Defendant or any of its associates actually knew about puddle of clear liquid prior to Plaintiff's incident. *Id*. Therefore, the hazard was not known and Defendant's policies and procedures manual was not implicated.

Accordingly, Defendant's Motion for Summary judgment is **GRANTED** on Plaintiff's premises liability claim.

## IV.

Based on the foregoing analysis, Defendant's Motion for Summary Judgment is **GRANTED (Instrument No. 21).**

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 9th day of June, 2017.

_____
**VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE**